**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **NAGALATHA PENAGALURI,** ) | |
| **19130 Nashville Street,** ) | |
| **Porter Ranch, CA 91326,** ) | |
| ) | **COMPLAINT FOR DECLARATORY** |
| **and** ) | **AND INJUNCTIVE RELIEF AND FOR** |
| ) | **WRIT OF MANDAMUS** |
| **SATISH KUMAR BASETTY,** ) | |
| **19130 Nashville Street,** ) | **CIVIL ACTION NO. _____** |
| **Porter Ranch, CA 91326,** ) | |
| ) | **ALIEN NOs.: A088165999;** |
| **Plaintiffs,** ) | **A089150575** |
| ) | |
| **v.** ) | **AGENCY CASE NUMBERS:** |
| ) | **SRC0800352157; SRC0800352237** |
| **JEH JOHNSON, Secretary, U.S.** ) | |
| **Department of Homeland Security, in** ) | **REQUEST FOR ORAL ARGUMENT** |
| **his official capacity as well as his** ) | |
| **successors and assigns,** ) | |
| **245 Murray Lane, S.W.,** ) | |
| **Building 410,** ) | |
| **Washington, D.C.  20528,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **LORETTA E. LYNCH, Attorney** ) | |
| **General of the United States, in her** ) | |
| **official capacity as well as her** ) | |
| **successors and assigns,** ) | |
| **U.S. Department of Justice,** ) | |
| **950 Pennsylvania Avenue, N.W.,** ) | |
| **Washington, D.C. 20530,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **JAMES B. COMEY, Director,** ) | |
| **Federal Bureau of Investigation,** ) | |
| **in his official capacity, as well as his** ) | |
| **successors and assigns,** ) | |
| **J. Edgar Hoover Building,** ) | |
| **935 Pennsylvania Avenue N.W.,** ) | |
| **Washington, D.C. 20535,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **LEON RODRIGUEZ,  Director, U.S.** ) | |
| **Department of Homeland Security,** ) | |
| **U.S. Citizenship and Immigration** ) | |

**Services, in his official capacity, as**
**well as his successors and assigns,**
**20 Massachusetts Avenue, N.W.,**
**Washington, D.C. 20529,**

    **and**

**DONALD NEUFELD, Associate**
**Director, Service Center Operations**
**Directorate, U.S. Department of**
**Homeland Security,**
**U.S. Citizenship and Immigration**
**Services, in his official capacity as**
**well as his successors and assigns,**
**20 Massachusetts Avenue, N.W.,**
**Washington, D.C. 20529,**

    **and**

**GREGORY A. RICHARDSON,**
**Center Director, Texas Service**
**Center, U.S. Department of Homeland**
**Security, U.S. Citizenship and**
**Immigration Services, in his official**
**capacity as well as his successors**
**and assigns, 4141 North St.**
**Augustine Road,**
**Dallas, TX 75227,**

    **and**

**MARK HAZUDA,**
**Center Director,**
**Nebraska Service Center**
**U.S. Department of Homeland**
**Security,**
**U.S. Citizenship and Immigration**
**Services, in his official capacity as**
**well as his successors and assigns,**
**850 S Street,**
**Lincoln, NE 68508,**

    **and**

**DANIEL RENAUD,**
**Associate Director, Field Operations**
**Directorate, U.S. Department of**
**Homeland Security, U.S. Citizenship**
**and Immigration Services, in his**
**official capacity as well as his**
**successors and assigns,**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**20 Massachusetts Avenue, N.W.,** )
**Washington, D.C. 20529,** )
)
**and** )
)
**ROLAND E. LYONS,** )
**Field Office Director, San Fernando** )
**Field Office, U.S. Department of** )
**Homeland Security, U.S. Citizenship** )
**and Immigration Services, in his** )
**official capacity as well as his** )
**successors and assigns,** )
**19809 Prairie Street,** )
**1st Floor, Suite 120,** )
**Chatsworth, CA 91311,** )
)
**and** )
)
**SUSAN M. CURDA,** )
**District Director, District 23, U.S.** )
**Department of Homeland Security,** )
**U.S. Citizenship and Immigration** )
**Services, in her official capacity as** )
**well as her successors and assigns,** )
**19809 Prairie Street,** )
**1st Floor, Suite 120,** )
**Chatsworth, CA 91311,** )
)
        **Defendants.**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS

Plaintiffs, Nagalatha Penagaluri ("Plaintiff-wife") and Satish Kumar Basetty ("Plaintiff-husband"), through undersigned counsel, allege as follows:

### I. INTRODUCTION

1.      This civil action seeks to compel unreasonably delayed government action on the adjudication of the Form I-485 Applications for Adjustment of Status ("I-485 Applications") to Lawful Permanent Resident ("LPR") properly filed by Plaintiffs on or about March 5, 2012. These Applications were filed and remain in the jurisdiction of U.S. Citizenship and Immigration Services ("USCIS"), which has improperly withheld action on the I-485 Applications for **more than 1,180 days**, to Plaintiffs' detriment.

3

2.      When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it indicated that immigration benefit Applications filed under the Immigration and Nationality Act ("INA") (which include I-485 Applications) "should be completed not later than **180 days** after the initial filing of the application…."  8 U.S.C. §1571(b).

3.      The Administrative Procedure Act ("APA") requires that administrative agencies conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

4.      This action seeks injunctive and mandamus relief to compel USCIS to adjudicate Plaintiffs' I-485 Applications.  The APA provides that a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. §702.  A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §706(1).

5.      Plaintiffs have made inquiries with USCIS regarding the delayed adjudication of their I-485 Applications, without success.  Plaintiffs have not been advised of any specific problem, issue, or question about their filings.  Instead, Plaintiffs have simply been told that their I-485 Applications were being subjected to further review and that they have to wait, indefinitely, with no end in sight.

6.      As a result, Plaintiffs suffer the hardships of unreasonably and unlawfully delayed adjudication, as detailed further herein.

7.      This action also seeks to compel the Federal Bureau of Investigation ("FBI") to complete Plaintiffs' National Name Check Program ("NNCP") clearances, which may be contributing to the unreasonably delayed adjudication of Plaintiffs' I-485 Applications.

8.      Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps and adjudicate the subject I-485 Applications within fourteen (14) days of an Order of this Court.

9.      Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

## II. JURISDICTION

10.    This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq.* (APA), 8 U.S.C. §1101 *et seq.* (INA) (including 8 U.S.C. §§1151, 1154 and 1255), and 8 U.S.C. §1571 (Immigration Services and Infrastructure Improvements Act of 2000); and (2) 28 U.S.C. §1361 (Mandamus Act).   This court may grant relief in this action under 5 U.S.C. §§553, *et seq.* and §§701 *et seq.* (APA); 28 U.S.C. §§1361, *et seq.* (Mandamus Act), 28 U.S.C. §§651, *et seq.* (All Writs Act), and 28 U.S.C. §§2201, *et seq.* (Declaratory Judgment Act).

## III. VENUE

11.    Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

a. Defendant Secretary Jeh Johnson is an officer of the Department of Homeland Security ("DHS") and is responsible for the operation of the DHS and sub-agency USCIS, which are both headquartered in the District of Columbia.  Defendant Johnson performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b. Defendant Attorney General Loretta E. Lynch is an officer of the Department of Justice ("DOJ"), which is headquartered in the District of Columbia. Defendant Lynch performs a significant amount of her official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c. Defendant Director James B. Comey, is an officer of the DOJ and Director of the Federal Bureau of Investigation ("FBI"), which is headquartered in the District of Columbia. Defendant Comey performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

d. Defendant Leon Rodriguez is an officer of the DHS and is the Director of

USCIS, which is headquartered in the District of Columbia.  Defendant Rodriguez performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

e.  Defendant Donald Neufeld is an officer of the DHS and is the Associate Director, Service Center Operations Directorate of the USCIS, which is headquartered in the District of Columbia.  Defendant Neufeld performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

f.  Defendant Daniel Renaud is an officer of the DHS and is the Associate Director, Field Operations Directorate of the USCIS, which is headquartered in the District of Columbia.  Defendant Renaud performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

g.  Defendant Gregory A. Richardson is an officer of the DHS and USCIS. Defendant Richardson is the Director of the Texas Service Center.  Defendant Richardson retains jurisdiction over the I-485 Applications in question, subject to the discretion of Defendant Rodriguez, who resides in the District of Columbia;

h.  Defendant Mark Hazuda is an officer of the DHS and USCIS.  Defendant Hazuda is the Director of the Nebraska Service Center.  Defendant Hazuda retains jurisdiction over the I-485 Applications in question, subject to the discretion of Defendant Rodriguez, who resides in the District of Columbia;

i.  Defendant Roland E. Lyons, is an officer of the DHS and USCIS.  Defendant Lyons is the Director of the San Fernando Field Office.  Defendant Lyons retains jurisdiction over the I-485 Applications in question, subject to the discretion of Defendant Rodriguez, who resides in the District of Columbia;

j.  Defendant Susan M. Curda, is an officer of the DHS and USCIS.  Defendant

Curda is the Director of District 23, which include the San Fernando Field Office in Chatsworth, California.  Defendant Curda retains jurisdiction over the I-485 Applications in question, subject to the discretion of Defendant Rodriguez, who resides in the District of Columbia;

k. A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the offices of the DHS, FBI, and USCIS, which are all headquartered in the District of Columbia; and

l. Judicial economy and the interests of justice warrant that Plaintiffs' action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director who is similarly located within the District of Columbia.[1]

12.     Due to the decentralized nature of USCIS case processing, which allows for the transfer of immigrant benefit petitions and Applications to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.

## IV.  PARTIES

13.     Plaintiff-wife, Nagalatha Penagaluri, is an adult individual who is a national of India and resides lawfully in the United States.  She resides at 19130 Nashville Street, Porter Ranch, California 91326.  *See* Affidavit of Nagalatha Penagaluri, dated June 8, 2015, a copy of which is attached and incorporated hereto as Exhibit A.

14.     Plaintiff-husband, Satish Kumar Basetty, is an adult individual who is a national

---

[1] Courts in this district have held that, "[w]hen an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 248 (D.D.C. 2007) (citing *Jyachosky v. Winter*, 2006 U.S. Dist. LEXIS 44399 at 12 (D.D.C. June 29, 2006) (citing *Bartman v. Cheney*, 827 F.Supp. 1, 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. §1391(e))).

of India and resides lawfully in the United States.  He resides at 19130 Nashville Street, Porter Ranch, California 91326.  *See* Affidavit of Satish Kumar Basetty, dated June 8, 2015, a copy of which is attached and incorporated hereto as Exhibit B.

15.     Jeh Johnson is the Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA.  He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is an agency within the DHS.  DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

16.     Loretta E. Lynch is the Attorney General of the United States and this action is brought against her in her official capacity only, as well as her successors and assigns.  She is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the U.S. Department of Justice.  More specifically, Ms. Lynch is responsible for overseeing the timely completion of all requests made by the USCIS for security clearances, including screenings by the FBI's NNCP, which is mandated by Executive Order No. 10450.  Presently, every intending immigrant must pass an FBI NNCP screening before his or her I-485 application can be approved.  The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C.  20530.

17.     James B. Comey is the Director of the FBI and is named herein only in his official capacity, as well as his successors and assigns, and his duties include ensuring timely completion of all requests made by the USCIS for security clearances, including NNCP screenings.  The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535.

18.     Leon Rodriguez is the Director of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns.  He is generally charged with the

implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.  USCIS is specifically assigned the adjudication of I-485 Applications.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

19.     Donald Neufeld is the Associate Director, Service Center Operations at USCIS. He is generally charged with overseeing the activities of all four (4) USCIS service centers located in Laguna Niguel, California; Dallas, Texas; Lincoln, Nebraska; and St. Albans, Vermont.   USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

20.     Daniel Renaud is the Associate Director, Field Operations at USCIS.  He is generally charged with overseeing the activities of the National Benefits Center, and the domestic regional, district, field, and field support offices of USCIS.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

21.     Mark Hazuda is the Director of the Nebraska Service Center of the USCIS located at 850 S Street, Lincoln, NE 68508 and is named herein only in his official capacity, as well as his successors and assigns. The I-485 Applications in question were properly filed by Plaintiffs with the USCIS Nebraska Service Center on or about March 5, 2012.  *See* Exhibit C and Exhibit D.

22.     Gregory A. Richardson is the Director of the Texas Service Center of the USCIS located at 4141 North St. Augustine Rd, Dallas, TX 75227 and is named herein only in his official capacity, as well as his successors and assigns. The I-485 Applications in question were transferred by USCIS to the Texas Service Center at some time after they were filed with the USCIS.  *See* Exhibit C and Exhibit D.

23.     Roland E. Lyons is the Director of the San Fernando Field Office of the USCIS located at 19809 Prairie Street, 1st Floor, Suite 120, Chatsworth, CA 91311 and is named herein only in his official capacity, as well as his successors and assigns. The I-485 Applications

in question were transferred by USCIS to the San Fernando Field Office at some time after they were filed with the USCIS.  *See* Exhibit C and Exhibit D.

24.     Susan M. Curda is Director of District 23 of the USCIS, including the San Fernando Field Office, located at 19809 Prairie Street, 1st Floor, Suite 120, Chatsworth, CA 91311 and is named herein only in her official capacity, as well as her successors and assigns. The I-485 Applications in question were transferred by USCIS to the San Fernando Field Office in District 23 at some time after they were filed with the USCIS.  *See* Exhibit C and Exhibit D.

## V.  STATEMENT OF FACTS

### A.     Process to Become a Lawful Permanent Resident

25.     An alien residing in the U.S. must complete a multi-step process to become a LPR based on an employment opportunity.  The intending immigrant's actual or potential employer initiates the first two stages.  First, the employer files an Application for Alien Employment Certification, also known as a Labor Certification application ("LC"), with the U.S. Department of Labor ("DOL").  Prior to March 28, 2005, the employer was required to use ETA Form 750.  Since March 28, 2005, employers are required to use ETA Form 9089.  The DOL grants certification when it has been shown to their satisfaction that there are insufficient qualified U.S. workers available and willing to perform the job offered in the area of intended employment.  *See* 8 U.S.C. §1182(a)(5)(A).

26.     Second, if DOL grants the LC requested, the employer must then file a Form I-140 Immigrant Petition ("I-140") with USCIS on behalf of the intending immigrant based on the job offer certified by the DOL.  The intending immigrant is referred to as the "beneficiary" of the I-140 Petition.  USCIS examines evidence filed with the petition to determine eligibility for the benefit requested.  *See* 8 U.S.C. §§1153(b) and 1154(b).

27.     Third, the intending immigrant files an I-485 Application with USCIS requesting LPR status based on the I-140 Petition.  This may be filed concurrently with the I-140 petition.

*See* 8 C.F.R. §245.2(a)(2)(i).   However, an approved I-140 petition is a prerequisite to the approval of the I-485 Application.  *See* 8 U.S.C. §1255(a).

28.     A spouse of an intending immigrant may also file an I-485 Application to adjust status to become an LPR based on the marital relationship to the intending immigrant.   A spouse's I-485 Application is approved by USCIS based on "the same status, and the same order of consideration" as the intending immigrant.   8 U.S.C. §1153(d); *see also* 20 C.F.R. §42.32(b)(2).

29.     The USCIS's <u>Adjudicator's Field Manual</u> ("<u>AFM</u>"), in Chapter 23, provides an administrative tool available to someone with a pending I-485 Application to submit a written request for the transfer of one's I-485 Application from being adjudicated under one section of the law to be adjudicated under another section.   This might arise when an I-485 Application is transferred from one I-140 Petition to another I-140 Petition or when a husband and wife who have filed I-485 Applications have their individual applications converted from primary to dependent or vice versa.   *See* <u>AFM</u> §23.2(l), in Exhibit E.

## B.     Case History

30.     On or about January 4, 2008, SystemEdge (USA) LLC filed an ETA Form 9089 Application for Alien Employment Certification ("LC") for Plaintiff-wife, which the Department of Labor ("DOL") certified on March 4, 2008.

31.     Subsequently, on or about April 2008, SystemEdge (USA) LLC filed an I-140 Petition for Alien Worker ("I-140 petition") for Plaintiff-wife in the EB-3 visa category, based on the certified LC (USCIS Receipt Number SRC0817252321).   USCIS approved this I-140 petition on or about January 30, 2009.

32.     On or about February 18, 2010, Techorbit, Inc. filed an LC for Plaintiff-husband, Satish Basetty, which was certified by the DOL.

33.     Subsequently, on or about October 26, 2010, Techorbit, Inc. filed an I-140 petition on Plaintiff-husband's behalf in the EB-2 visa category based on the certified LC (USCIS

Receipt Number LIN1190059397).  This I-140 was approved on or about January 21, 2011.

34.     On or about November 4, 2011, 3K Technologies LLC filed an LC for Plaintiff-wife, which the DOL certified on June 25, 2012.

35.     When Plaintiff-husband's priority date became current in March 2012, he filed an I-485 Application on or about March 5, 2012.  The receipt number for this application is LIN1290430435.

36.     Plaintiff-wife filed an I-485 application as Plaintiff-husband's dependent around this time as well.  Though I never received the receipt notice for my I-485 Application, the Receipt Number for this application is LIN1290460432.

37.     On or about July 2, 2012, USCIS issued a Request for Evidence ("RFE") on Plaintiff-husband's I-485 Application requesting that he submit a Form G-325A as well as evidence verifying his employment.  On or about September 6, 2012, his attorney responded to the RFE, confirming employment with Techorbit, Inc. and providing the requested documentation.

38.     Then, on or about August 16, 2012, 3K Technologies LLC filed an I-140 petition on Plaintiff-wife's behalf in the EB-2 visa category based on the certified LC (USCIS Receipt Number LIN1221950268).  3K Technologies LLC requested the conferral of the January 4, 2008 priority date from the I-140 petition with receipt number SRC0817252321 retained.   USCIS approved this petition on or about August 23, 2012 and conferred the January 4, 2008.

39.     On or about November 7, 2012, Plaintiffs filed a request with USCIS to re-classify Plaintiff-wife's I-485 Application as the principal applicant and Plaintiff-husband's I-485 Application as the derivative applicant, based on the approval of her EB-2 I-140 (LIN1221950268).

40.     On or about January 16, 2013, Plaintiff-husband sent notification to USCIS alerting them that he had ported employers pursuant to §106(c) of the American Competitiveness in the Twenty-First Century Act ("AC-21") and was working for TechLink

Resources, Inc. as a Sr. Software Engineer in the same or similar occupational classification.

41.     On or about January 22, 2013, USCIS re-classified Plaintiffs' I-485 Applications as requested on or about November 7, 2012.

42.     On or about September 11, 2013, USCIS issued an RFE on Plaintiff-wife's I-485 Application requesting verification of employment from the I-140 Petitioner.   On or about September 20, 2013, she responded to the RFE with employment verification from 3K Technologies, Inc. including most recent pay statement.

43.     On or about January 24, 2014, Plaintiffs received notices from USCIS that they were to appear for an interview regarding their I-485 Applications, which were scheduled for Wednesday, February 19, 2014.   They attended this interview together and brought the requested documentation with them.   Defendant USCIS gave Plaintiffs a notice at the interview stating that their I-485 Application was pending because a visa number was not available at the time and instructing them to follow-up after 180 days.

44.     It has now been **over 1,180 days** since Plaintiffs properly filed their I-485 Applications with USCIS.

45.     The INA provides numerical limits on the number of aliens who may be issued immigrant visas or admitted to the United States for permanent residence.   8 U.S.C. §1151(a). The Department of State publishes a monthly bulletin to track and announce the availability of these visas.   The Department of State's monthly Visa Bulletin for the month of June 2015 demonstrates that an immigrant visa is currently available to Plaintiffs.   *See* U.S. Department of State Visa Bulletin for June 2015, a partial copy of which is attached and incorporated hereto as Exhibit J.   Plaintiffs' priority date is January 4, 2008, in the EB-2 category. The Visa Bulletin for June 2015 shows that visa numbers are available in the employment-based, second preference category for Indian foreign national applicants with a cut-off date of October 1, 2008.   As Plaintiffs' priority date is earlier than the cut-off date, they are members of this class eligible for approval of their I-485 Applications.   *See* Exhibit A.

46.     Therefore, immigrant visas are immediately available to Plaintiffs, and Plaintiffs are eligible for adjustment of status to that of LPR.  8 U.S.C. §1255(a); 8 C.F.R. §245.2(a)(2).

47.     Due to extreme delays, the Plaintiffs' I-485 Applications are still pending with USCIS.  *See* Exhibit A.

48.     Plaintiffs have completed all steps required regarding these cases.  *See* Exhibit A.

49.     When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it set the period of **180 days** as the normative expectation for the government to complete the processing of immigration benefit Applications (which include I-485 Applications).  Congress indicated that adjudication of such petitions and Applications "should be completed not later than 180 days after the filing of the initial filing of the application…." *See* 8 U.S.C. §1571(b).

50.     Based on USCIS's own published processing times, the USCIS San Fernando, CA Field Office (where Plaintiffs' Applications were last known to be pending) is now adjudicating I-485 Applications that were filed in August 15, 2014. Yet Defendants have not adjudicated Plaintiffs' I-485 Applications which were filed on or about March 5, 2012.  *See* USCIS Processing Time Information for San Fernando Valley, CA Field Office, posted May 12, 2015, a copy of which is attached and incorporated hereto as Exhibit K.

51.     On December 15, 2010, Defendant USCIS revised its internal instructions to employees with a memorandum incorporated as <u>AFM</u> § 20.1(e), in which Field Offices were told that they "must transfer all regressed visa number cases" to the USCIS Texas Service Center if the I-485 Application is employment-based.  <u>AFM</u> § 20.1(e)(2).  See December 15, 2010 Policy Memorandum introducing changes to <u>AFM</u> with a copy of the quoted section of the <u>AFM</u> from Defendant USCIS's website attached and incorporated hereto as Exhibit L.

52.     Based on USCIS's own <u>AFM</u> § 20.1(e), Plaintiffs' I-485 Application may be pending at Texas Service Center or at the San Fernando Field Office or may be transferred to

another location at Defendants' discretion.

53.     Based on USCIS's own published processing times, USCIS Texas Service Center (where Plaintiffs' Applications may now be pending pursuant to Defendant USCIS's internal guidance) is now adjudicating I-485 Applications that were filed in August 15, 2014.  Yet Defendants have not adjudicated Plaintiffs' I-485 Applications which were filed on or about March 5, 2012.  *See* USCIS Processing Time Information for Texas Service Center, posted May 12, 20115, a copy of which is attached and incorporated hereto as Exhibit M.

**D.     USCIS and FBI Security Checks**

54.     Once any application for an immigration benefit is filed, which includes I-485 Applications, the FBI conducts mandatory criminal and national security background checks before an adjudication of the petition or application is completed.  These security checks include the FBI Name Check, which is part of the NNCP.  *See* Declaration of Bradley J. Brouillette, Supervisory Center Adjudications Officer at the VSC, dated April 23, 2007, at page 2, a copy of which is attached and incorporated hereto as Exhibit N.

55.     In a majority of FBI Name Checks, no "matches" or indications of derogatory information are found.  *See* Exhibit L, page 2.

56.     The FBI processes USCIS-requested NNCP checks chronologically, based on the date the request was forwarded.   Initial responses to the NNCP check are generally available within two (2) weeks.   In eighty percent (80%) of Applications, no "match" or derogatory information is found.  Of the remaining twenty percent (20%), most NNCP checks are resolved within six (6) months.  *See* Exhibit N, page 6 and USCIS Fact Sheet, dated April 25, 2006, which was referenced in and incorporated into Mr. Brouillette's Declaration, at pages 2-3.

57.     The FBI has stated, in a declaration previously submitted to a court in this district, that it has historically resolved approximately sixty-eight percent (68%) of NNCP name checks with a "no record" result within seventy-two (72) hours.  Of the remaining cases, a secondary

check historically has revealed a "no record" result within an additional thirty to sixty (30 - 60) days for twenty-two percent (22%) of all cases.  Of the remaining ten percent (10%) of cases, less than one percent (1%) of USCIS cases are identified with a file containing *possible* derogatory information.  *See* Declaration of Michael A. Cannon, dated April 13, 2007, at pages 5-6, a copy of which is attached and incorporated hereto as Exhibit O.

58.     On March 4, 2009, USCIS issued an update on the FBI Name Check Backlogs, indicating that much of the backlog has been eliminated.   The Update indicated that by the end of June 2009, the FBI will have completed 98% of USCIS Name Check requests within 30 days, and process the remaining two within three months.  *See* USCIS Update on FBI Name Check backlogs, March 4, 2009, a copy of which is attached and incorporated hereto as Exhibit P.

**E.      Exhaustion of Administrative Remedies**

59.     Plaintiffs, together, individually or through counsel, have contacted Defendants on multiple occasions regarding the adjudication of their I-485 Applications.  *See* Exhibit A, Exhibit B, Exhibit Q, Exhibit R, and Exhibit S.

60.     The specific efforts that Plaintiffs have undertaken include:

a.      Contacting the USCIS National Customer Service Center on or about August 14, 2013 about case delays.  On or about August 27, 2013, USCIS responded that the "case is currently under review by an officer" and that a timeframe for a decision could not be provided, as the processing time varies per case and officer caseload.

b.      Contacting U.S. Congressman Brad Sherman for assistance with contacting USCIS about the case status.   On or about September 20, 2013, Congressman Sherman's office provided an update from USCIS, stating that the case was being actively processed and additional review was needed on the case.  The update also stated that USCIS sent an RFE on September 10, 2013 to which a reply had not yet been received.

c.      Contacting the USCIS National Customer Service Center on or about October 3, 2013.  On or about October 4, 2013, USCIS responded that the "case is currently under review by an officer.  You should receive a decision, correspondence, or notice of other action within 60 days of the date of this letter."

d.      Contacting the USCIS National Customer Service Center Follow-Up Email Address on or about October 31, 2013 regarding the case status online indicating that the case was transferred.  On or about December 6, 2013, USCIS responded, stating "[b]ecause your alien file is not currently in the jurisdiction of the Nebraska Service Center there is no assistance staff that answer emails at this location can provide, except to suggest you contact the USCIS office that serves the area where you reside."

e.      Contacting U.S. Senator Barbara Boxer for assistance with contacting USCIS about the case status.  On or about August 12, 2014, Senator Boxer's office provided an update from USCIS, stating that processing of the cases had been delayed because they were "under an ongoing internal extended security review" and that USCIS could not move forward on the cases at the time.  The update also noted to follow-up if a decision or other notice of action was not received within approximately 60 days.

f.      Contacting the USCIS National Customer Service Center on or about August 18, 2014.  On or about September 3, 2014, USCIS responded that the "file had been relocated to a records facility.  We have requested your file pack to our service center for further review" and to allow up to 60 days for review of the file.  USCIS stated that follow-up correspondence would be send regarding the status of the case after it was reviewed.

g.      Contacting Congressman Sherman's office for a second time for assistance with contacting USCIS about the case status.   On or about September 2, 2014, Congressman Sherman's office provided an update from USCIS, sent to the Congressman's office on or about August 20, 2014, that the case was not ready for decision because it was under "an ongoing internal extended security review."   The

update also indicated that USCIS was "unable to speculate when the process will be completed in these Form I-485 case" and to follow-up in approximately 90 day if no decision or notice of action had been received.

h.      Contacting the USCIS National Customer Service Center on or about October 9, 2014 about the case status.  On or about October 22, 2014, USCIS responded that the case required additional review which delayed the processing of the case.   USCIS indicated that the case was currently under review and that a decision or notice of action should be received within 90 days.

i.      Contacting Senator Boxer's office for a second time for assistance with contacting USCIS about the case status.  On or about October 21, 2014, Senator Boxer's office relayed the communication from USCIS that there were no new updates on the cases.

j.      Contacting the USCIS National Customer Service Center on or about November 4, 2014 about the case status.  On or about November 18, 2014, USCIS responded that a "Request for Evidence notice may have been sent on October 31, 2014.  If you have not received anything from our office within 15 days, please contact our office at the number below."

k.      Placing a request for assistance with the USCIS Ombudsman's office regarding the case status.  On or about November 10, 2014, the Ombudsman's office responded that USCIS "was not able to obtain a visa number for your while your priority date was current."

l.      Contacting the USCIS National Customer Service Center on or about November 18, 2014 regarding the non-delivery of the RFE Noticed referenced in a previous service request response.   On or about November 29, 2014, USCIS responded that after researching the status of the case, "we have had to perform additional review and this

has caused a delay in processing time.  Your case is currently under review.  You should receive a decision or notice of further action within 90 days."

m.     Attending an InfoPass Appointment on May 1, 2015.   At the InfoPass appointment, we learned that the files were awaiting adjudication at the Texas Service Center.   To the best of Plaintiffs' recollection they attended additional InfoPass appointments but may not be able to document each visit.

61.     As Plaintiff-husband's I-485 Application is dependent upon approval Plaintiff-wife's case, the Defendants' delay in Plaintiff-wife's I-485 Application directly and immediately impacts his ability to have his case approved.

62.     There are no further administrative remedies available to Plaintiffs to redress their grievances described herein.

## VI.  CLAIMS FOR RELIEF

### Count I

### (Violation by DHS/USCIS of 5 U.S.C. §555(b))

63.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

64.     Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review.   *See* 5 U.S.C. §702.   Agency action includes a failure to act.   *See* 5 U.S.C. §551(13).

65.     The APA requires agencies to conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

66.     A court may "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §706(1).

67.     Under the APA, USCIS has a mandatory, non-discretionary duty to complete the adjudication of Plaintiffs' I-485 Applications, and to do so within a reasonable time.

68.     Under the INA and DHS regulations, DHS, through its sub-agency USCIS, has a mandatory, non-discretionary duty to adjudicate Plaintiffs' I-485 Applications.  *See* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and Applications) and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

69.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the adjudication of the subject Applications, not the grant or denial of this filing.

70.     The INA indicates that a reasonable time period for USCIS to adjudicate Applications for immigration benefits (which include I-485 Applications) is within 180 days of filing.  *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application, which includes I-485 Applications, should be completed not later than 180 days after the initial filing of the application).

71.     Based on the USCIS' own published processing times, the USCIS San Fernando Field Office (where Plaintiffs' Applications were last known to be pending) is adjudicating I-485 Applications submitted on or before August 14, 2015, yet has not adjudicated Plaintiffs' own Applications which were filed on or about march 5, 2012.  *See* Exhibit K.

72.     Based on the USCIS' own published processing times, the USCIS Texas Service Center (where Plaintiffs' Applications may be pending) is adjudicating I-485 Applications submitted on or before August 14, 2015, yet has not adjudicated Plaintiffs' own Applications which were filed on or about march 5, 2012.  *See* Exhibit M.

73.     USCIS' delay in adjudication of Plaintiffs' I-485 Applications of over 1,180 days since the subject case was filed is unreasonable and in violation of the APA.

74.     Plaintiffs have exhausted administrative remedies.

75.     USCIS' unreasonable and unlawful delay in adjudication of Plaintiffs' I-485

Applications have caused, and is causing, Plaintiffs ongoing and substantial injuries.

## Count II

### (Mandamus Action to Compel an Officer of DHS/USCIS to Perform his Duty)

76.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

77.     Plaintiffs assert claims for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiffs.

78.     USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiffs' I-485 Applications.  *See, e.g.,* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications), and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

79.     USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiffs' I-485 Applications within a reasonable time.

80.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the adjudication of the subject Applications, not the grant or denial of these filings.

81.     The INA indicates that a reasonable time period for USCIS to adjudicate petitions and applications for immigration benefits such as Petitions for Immediate Relatives and for Adjustment of Status is within 180 days of initial filing.   *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application, which includes I-485 Applications, should be completed not later than 180 days after the initial filing of the application).

82.     Based on the USCIS' own published processing times, the USCIS San Fernando Field Office (where Plaintiffs' Applications were last known to be pending) is adjudicating I-485

Applications submitted on or before August 14, 2015, yet has not adjudicated Plaintiffs' own Applications which were filed on or about march 5, 2012.  *See* Exhibit K.

83.     Based on the USCIS' own published processing times, the USCIS Texas Service Center (where Plaintiffs' Applications may be pending) is adjudicating I-485 Applications submitted on or before August 14, 2015, yet has not adjudicated Plaintiffs' own Applications which were filed on or about march 5, 2012.  *See* Exhibit M.

84.     Against these standards, DHS/USCIS have failed to adjudicate the subject Applications within a reasonable period of time, considering that over 1,180 days have passed since Plaintiffs filed their I-485 Applications.

85.     Plaintiffs have no other adequate remedy to compel the agency to perform its duty, since Plaintiffs have contacted USCIS without results or indication of when adjudication of this case might be forthcoming.

86.     Plaintiffs ask the Court to compel DHS Secretary Jeh Johnson, USCIS Director Leon Rodriguez, Associate Director Donald Neufeld, Associate Director Daniel Renaud, Nebraska Service Center Director mark Hazuda, Texas Service Center Director Gregory A. Richardson, Field Office Director Roland E. Lyons, and District Director Susan M. Curda to perform their duties and adjudicate Plaintiffs' I-485 Applications.

87.     USCIS' unreasonable and unlawful delay in adjudication of the subject I-485 Applications have caused, and is causing, Plaintiffs ongoing and substantial injury.

**Count III**

**(Violation by DOJ/FBI of 5 U.S.C. §555(b))**

88.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

89.     Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review.  *See* 5 U.S.C. §702.  Agency action includes a failure to act.  *See* 5 U.S.C.

§551(13).

90.     The APA requires agencies to conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

91.     A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

92.     Defendant FBI has a mandatory, non-discretionary duty to complete all USCIS-requested NNCP name checks.  *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997); 8 C.F.R. §335.2(b).

93.     Defendant FBI has a mandatory, non-discretionary duty to complete USCIS-requested NNCP name checks within a reasonable time.

94.     Plaintiffs' Complaint challenges only the reasonableness of Defendants' delay or inaction in the completion of the NNCP checks on the subject I-485 Applications, not the grant or denial of this filing.

95.     Defendant FBI's delay in completing these NNCP name checks is unreasonable and therefore in violation of the APA, considering that over **1,180** days have passed since Plaintiffs filed their I-485 Applications in question, which is far in excess of the average time it takes the FBI to complete a name check.

96.     Defendant FBI's unreasonable delay in completing the NNCP name checks for the subject I-485 Applications is preventing adjudication by USCIS.

97.     Plaintiffs have exhausted their administrative remedies.

98.     The FBI's unreasonable and unlawful delay in completion of the NNCP name checks for the subject I-485 Applications have caused, and is causing, Plaintiffs ongoing and substantial injuries.

**Count IV**

**(Mandamus Action to Compel an Officer of DOJ/FBI to Perform his Duty)**

99.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

100.     Plaintiffs asserts a claim for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiffs.

101.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 Applications.  *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997).

102.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 Applications within a reasonable time.

103.     Plaintiffs have a clear and certain right to have the NNCP name checks for the subject I-485 Applications completed within a reasonable period of time.

104.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the completion of these NNCP checks, and adjudication of the subject I-485 Applications, not the grant or denial of these cases.

105.     The FBI has failed to complete the NNCP name checks on the subject I-485 Applications within a reasonable period of time, considering that over 1,180 days have passed since Plaintiffs filed their I-485 Applications in question. This time period is far in excess of the average time it takes the FBI to complete a Name Check.

106.     Plaintiffs have no other adequate remedy to compel the agency to perform its duty.

107.     Plaintiffs ask this Court to compel Defendants Attorney General Loretta E. Lynch and FBI Director James B. Comey to complete the FBI National Name Check Program clearances on the subject I-485 Applications, which is required for the USCIS to adjudicate these I-485 Applications.

108.    The FBI's unreasonable and unlawful delay in completion of these NNCP name checks has caused, and is causing, Plaintiffs ongoing and substantial injuries.

## VII.  INJURIES TO PLAINTIFF

109.    The USCIS' unreasonable delay in adjudicating the subject I-485 Applications is causing Plaintiffs substantial harm.   Plaintiffs' ability to travel abroad and work are restricted during the pendency of his application period.   Plaintiffs are unable to plan for the future.   *See* Exhibit A and Exhibit B.

110.    The USCIS' unreasonable delay is preventing Plaintiffs from obtaining LPR status in the United States.  This status would provide Plaintiffs with the following benefits:  the right to remain lawfully in the U.S. and not be subject to deportation; the right to work in the United States, and the right to pursue U.S. citizenship through naturalization. *See* Exhibit A and Exhibit B.

WHEREFORE, Plaintiffs pray that this Honorable Court:

(1)    Declare that Defendants' delay in adjudicating Plaintiffs' I-485 Applications (including completing the FBI name checks) is unreasonable and in violation of the APA and the INA;

(2)    Compel Defendant Secretary Jen Johnson, Defendant Director Leon Rodriguez, Defendant Associate Director Donald Neufeld, Defendant Associate Director Daniel Renaud, Defendant Director Mark Hazuda, Defendant Director Gregory A. Richardson, Defendant Field Office Director Roland E. Lyons, and Defendant District Director Susan M. Curda to perform their duty to adjudicate Plaintiffs' I-485 Applications;

(3)    Compel Defendant Attorney General Loretta E. Lynch and Defendant Director James B. Comey to complete the name, background and security checks for the subject I-485 Applications;

(4)    Compel Defendants to complete all necessary steps and adjudicate the subject I-485 Applications within fourteen (14) days of an Order of this Court;

(5)    Grant such other relief as this Court deems proper under the circumstances; and

(6)    Grant attorney's fees, expenses and costs of court to Plaintiffs, pursuant to the EAJA.


Respectfully submitted on this 9th day of June 2015.


/s/Adam J. Rosen, Esquire
U.S. District Court Bar # MD29709
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD 21117
(410) 356-5440

Attorneys for Plaintiffs